IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PERDANA CAPITAL (LABUAN) INC., a Malaysian corporation,<br><br>Plaintiff,<br>v.<br><br>MOHAMMED AKRAM CHOWDRY, an individual; HI-TECH VENTURE PARTNERS, LLC, a Delaware Limited Liability Company; HI-TECH ASSOCIATES, a California Limited Liability Company; and DOES 1-50,<br><br>Defendants. | No. CV 09-01479 RS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AND DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION RE: COSTS** |

## I. INTRODUCTION

Defendants Mohammed Chowdry, Hi-Tech Venture Partners (HTVP), and Hi-Tech Associates (HTA), who ultimately prevailed on summary judgment in this action, move for a fee award as sanctions for what they characterize as misconduct by plaintiff's counsel. Plaintiff Perdana Capital moves to stay enforcement of a judgment for costs pending appeal, to strike or tax the award of costs, or for an order requiring defendants to acknowledge satisfaction of the judgment. The motions have been fully briefed, and are appropriate for disposition without a hearing. *See* Civ.

Local Rule 7-1(b). As set forth below, the motion for sanctions is denied in full, and plaintiff's motion is denied in part and granted in part.

## II. DISCUSSION

### A. Motion for sanctions

#### 1. Standard

Defendants request an award of fees and costs as sanction for what they contend amounted to conduct undertaken in bad faith or recklessly by plaintiff's counsel. An award of fees is not appropriate, of course, merely because one party loses, and another prevails. 28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Alternatively, the district courts possess the inherent authority to sanction a losing party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). The Ninth Circuit's cases are "less than a model of clarity regarding whether a finding of mere recklessness alone may suffice to impose sanctions for attorneys' fees." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). Most hold that "[r]ecklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding." *Lahiri v. Universal Music and Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). That said, "reckless nonfrivolous filings, without more, may not be sanctioned" under § 1927. *In re Keegan Mgmt. Co. Sec. Lit.,* 78 F.3d 431, 436 (9th Cir. 1996). Regardless of the standard, disciplinary authority "must be exercised with restraint and discretion." *Lahiri*, 606 F.3d at 1223. Additionally, under Civil Local Rule 7-8(c), any motion for sanctions "must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate."

#### 2. Discussion

Here, defendants argue that plaintiff and its counsel engaged in a "*comprehensive pattern* of actionable conduct" deserving of sanctions. (Defs.' Mot. at 3:13-14) (emphasis in original). Although defendants completely ignore Rule 7-8(c)'s requirement that any motion must be brought

"as soon as practicable" after discovery of the circumstances underlying the request for sanctions, they attempt to sidestep that principle by invoking the "cumulative effect" of the supposed misconduct, which, they insist, was not revealed until they prevailed at summary judgment. *See Lahiri*, 606 F.3d at 1222. That position is quite unpersuasive.

In the first instance, defendants argue that plaintiff's resort to litigation was a pretext to escape its contractual obligation to invest in the parties' joint venture, Hi-Tech Venture Capital (HTVC). Although they have produced some evidence, in the form of deposition testimony, that plaintiff desired to reexamine the venture, as the record reflects, Perdana had a reasonable basis for doing so. There was significant evidence that Chowdry, who was in charge of daily operations of HTVC, did not live up to his obligations under the parties' agreement. Defendants' position, at summary judgment, was that plaintiff was aware of Chowdry's deficient performance all along, and that the statute of limitations on any claims was therefore exhausted. Claims that turn out to be procedurally barred are not, without more, "frivolous." Moreover, whatever the motivation of Perdana and its employees, defendants have failed to produce any evidence of bad faith, or an improper purpose, by plaintiff's counsel in initiating this litigation. Sanctions are therefore unwarranted. *Ingle v. Circuit City*, 408 F.3d 592, 596 (9th Cir. 2005).

Defendants raise a number of additional, unavailing arguments in favor of sanctions. First, they argue that allegations in the First Amended Complaint, supported by two later-filed declarations, concerning the job responsibilities of HTVC personnel, were false. Those documents were initially filed in 2009 and 2010, respectively, and under defendants' view of the facts, were self-evidently inaccurate at the time they were submitted. Whatever the merits of that charge, defendants' delay in moving for sanctions for nearly two years, without explanation, is fatal to their cause. *See* Civ. Local Rule 7-8(c).

Likewise, defendants assert that a litany of alleged discovery abuses merit sanctions, conveniently overlooking that they litigated those issues to resolution many months (or years) ago. The first round of discovery disputes, related to deposition of Perdana's witnesses, was resolved in October of 2010, without the imposition of sanctions. (*See* Dkt. No. 98). Defendants failed to pursue the issue as a potential basis for sanctions until now, thereby dooming their instant motion.

*See* Civ. Local Rule 7-8(c). The second round of controversy, concerning Perdana's handling of evidence, was initially resolved by a stipulated order filed on July 26, 2011, requiring plaintiff to perform certain discovery obligations "within 10 days." (*See* Dkt. No. 140). Again, no sanctions were imposed. (*Id.*). Defendants neglected to move for relief from supposed violations of the July 26, 2011 order until March 1, 2012, and in so doing, again neglected to explain the delay. (*See* Dkt. No. 176). The instant set of moving papers likewise offers no explanation as to why it took over seven months to seek sanctions.[1] Characterizing Perdana's alleged failure to cooperate as a "pattern" does not excuse defendants of their obligation to bring their motion for sanctions "as soon as practicable" under Rule 7-8(c). Defendants' attempt to re-raise these issues now, long after the disputes arose, is procedurally improper and wasteful of judicial resources.[2]

Next, defendants claim that Perdana's counsel should be sanctioned for asserting claims for breach of contract against HTA, and breach of fiduciary duty against Chowdry, then dropping those theories at summary judgment. Although defendants insist the abandonment implies the claims were "baseless," that conclusion does not follow. There is no credible evidence Perdana or its counsel acted for an improper purpose in asserting those claims, and consequently, no basis for sanctions. *Lahiri*, 606 F.3d at 1219. The same goes for defendants' greatly overstated arguments concerning defendant Chowdry's investment in Multigig. A clerical error by Multigig suggested Chowdry had misappropriated funds, resulting in non-frivolous litigation. That is hardly grounds for sanctions. The motion is denied in full.

B. Motion re: judgment of costs

In part responding to arguments raised in relation to defendants' motion for sanctions, Perdana requests miscellaneous relief from the judgment of costs, calculated by the Clerk as totaling $46,783.88. *See* Fed. R. Civ. P. 54(d)(1) ("costs – other than attorney's fees – should be allowed to the prevailing party"). Specifically, plaintiff requests: (1) a stay of execution as to the judgment of costs pending appeal, pursuant to Federal Rule of Civil Procedure 62(d); (2) relief from the

---

[1] In fact, defendants acknowledge that "[f]rom August 2011 through February 14, 2012, plaintiff failed to comply with the July 2011 stipulated order in numerous respects. What was ordered to occur 'within 10 days' took several months…." (Defs.' Reply at 9:19-20).
[2] The same is true of defendants' complaints concerning supposed *ad hominem* attacks by plaintiff and its counsel in correspondence between the parties dating from 2009 and 2010.

No. CV 09-01479 RS
ORDER

4

judgment because defendants' costs have been indemnified by the joint venture, HTVC; or (3) an order requiring defendants to acknowledge satisfaction of the judgment of costs.

As to the request for a stay, that relief is available as a matter of right, and is effective upon approval of the bond by the district court. *Am. Civil Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012); Fed. R. Civ. P. 62(d). The amount of the supersedeas bond is left to the discretion of the court. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required.").

Perdana argues that only a nominal amount is appropriate because otherwise defendants will benefit from a windfall. By way of background, it is undisputed that defendants Chowdry and HTVP (though not HTA) are indemnified under the parties' partnership agreement, and have paid their litigation costs out of the joint venture's funds, not out of pocket. Because Perdana owns 90% of the joint venture's assets, it protests the judgment of costs as a "double recovery." Along the same lines, Perdana argues that the amount of the judgment of costs itself should be reduced for reasons of fundamental fairness, given the indemnification agreement. It points out that Rule 54 "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The district court's discretion in the matter is not "unlimited" however. *Id.* While neither party is able to muster authority addressing the availability of costs to a prevailing party already indemnified by an entity in which the losing party has an ownership stake, the Ninth Circuit has recently approved an award of costs to a defendant whose defense costs were paid by its insurer. *See Taniguchi v. Kan Pacific Saipan, Ltd.*, 633 F.3d 1218, 1219-20 (9th Cir. 2011), *overruled on other grounds*, 132 S. Ct. 1997 (2012). *See also Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 635 (11th Cir. 1991) (prevailing party may recover costs "although the costs were paid by a non-party").

Even if that general rule were properly set aside, given the unusual circumstances of this case, defendants argue that their defense "costs, paid by the [p]artnership, will not be retained by defendants, but will be reimbursed *to the* [*p*]*artnership*" once the judgment is satisfied. (Defs.'

Opp'n at 2:13-14) (emphasis in original). Perdana appears to believe that promise is "meaningless and unenforceable," (Pl.'s Mot. at 3:10-12), but it is now on the record and may not be rescinded. Because the Rule 54 costs will be reimbursed to the partnership between the parties, there is no double recovery by defendants, as Perdana contends. No reduction in the amount of the judgment, or accordingly, in the amount of the supersedeas bond is appropriate as a result.[3] To stay enforcement of the judgment of costs, plaintiff must, within 21 days of this order, post a bond in the amount of $46,783.88 in the Registry Fund with the Clerk of Court.

### III. CONCLUSION

Defendants' motion for sanctions is denied, and plaintiff's motion for miscellaneous relief is granted in part and denied in part.

IT IS SO ORDERED.

Dated: 7/3/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[3] Perdana's alternative attempt to invoke California Code of Civil Procedure § 724.030, which requires immediate acknowledgement of satisfaction of a money judgment, and is incorporated by reference via Federal Rule of Civil Procedure 69(a), is inapposite. There is no question that Perdana has not satisfied the judgment. Rather, HTVC has merely advanced defense costs as indemnitor.